[No. 10985. Department Two. October 9, 1913.]

HETHERINGTON-BERNER COMPANY, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—REPRESENTATION—AGENTS — AUTHORITY —EVIDENCE—SUFFICIENCY. There is sufficient evidence that the secretary of the board of public works had authority to represent the city in stating to a contractor when a foundation would be built by the city, where the contract was made with the board of public works, the secretary was at all times the spokesman of that body, and all communications had with the city or board were through him; as the city would be estopped even if he exceeded his authority.

SAME—ACTIONS—EVIDENCE—ADMISSIBILITY. Upon an issue as to whether a city had delayed unreasonably in the construction of a foundation, to the damage of a contractor relying on its completion within a stated time, evidence that the contractor's agent had stated that the time for completion of the foundation was immaterial provided it did not affect demurrage charges, is immaterial.

Appeal from a judgment of the superior court for Spokane county, Clifford, J., entered May 6, 1912, upon find-

[1]Reported in 135 Pac. 484.

ings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*H. M. Stephens* and *William E. Richardson*, for appellant.
*Tolman & King*, for respondent.

FULLERTON, J.—On April 18, 1910, the appellant and respondent entered into a contract, by the terms of which the respondent undertook to erect for the appellant, on a foundation to be furnished by the appellant, an asphalt paving plant. Nothing was said in the written contract concerning a covering for the plant, which seems to have been a necessary part of the structure, but the city assumed that the duty devolved upon it and actually did construct it. The contract called for a completed structure "on or before the 20th day of July, 1910," with a forfeiture of $10 per day for each and every day the structure should remain incompleted after that time. The respondent started upon the preparations for its part of the work immediately after the execution of the contract, and early had the material necessary for the construction of the building ready for shipment. The city, however, neglected to provide the foundation, and after many inquiries as to the time it would have it ready, on June 3, 1910, announced to the respondent that the work would be started at once. The respondent, relying on this information, shipped its materials to the ground and sent its expert workmen to the city to put the materials in place. The city did not start the work at the time promised, and did not in fact start it until June 29, 1910, and was late as August 11, following, in completing it.

After the foundation was completed and the respondent started upon its part of the work, the city delayed in the construction of the cover mentioned, and the respondent was delayed several days in its work because thereof. Again, when the structure was completed and ready for testing, the

city failed to connect the plant with the source of power intended to operate it until some days thereafter. These delays on the part of the city caused corresponding delays in the work of the respondent, causing it a loss, as it claims, because its workmen were compelled to remain idle during these periods of delay. This action was brought to recover for the loss so suffered. It was tried by the court sitting without a jury, and resulted in findings and a judgment in favor of the respondent for the sum of $425. The city appeals.

The appellant's principal contention is that the evidence does not justify the findings of fact made by the court or the judgment entered thereon. We have not, however, thought it necessary to review the evidence in detail. Such a course would but unduly lengthen this opinion to no useful purpose. It is sufficient to say that, in our judgment, it preponderates in favor of the respondent on all the material issues.

The officer of the city who informed the appellant that the city would start work on the foundation at a particular date was the secretary of the board of public works. It is claimed that there is no evidence that this officer represented the city in the matter referred to, and hence it is not shown that the contractor had the right to place reliance upon his statements. But the city was represented, when entering into the contract, by its board of public works, and the secretary seems at all times to have been the spokesman of that body; in fact, all communications had with the city or its representative, the board of public works, was had through him. This not only furnishes evidence that the secretary had authority to speak for the city, but is sufficient to estop the city from questioning his acts, even were it shown affirmatively that he had exceeded his authority.

On the trial the appellant offered to show that the witness Burbank (the respondent's representative) told the secretary of the board of public works that the time of com-

mencing the foundation was immaterial as long as the respondent was not held to the penalty provided in the contract for failing to complete the structure at the time stipulated therein. The trial court rejected the testimony, and error is assigned thereon. But we think the evidence properly rejected. If it be true that a delay on the part of the city in constructing the foundation would authorize a corresponding delay on the part of the contractor in completing the structure, it would not affect the question here at issue. The question at issue was whether or not the city had delayed unreasonably in the construction of the foundation to the respondent's damage, after it had led the respondent to believe the foundation would be constructed at a given time. What the agent of the appellant may have said as to the penalty for delay in finishing the structure beyond the time agreed upon could not affect this question.

The judgment is affirmed.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.